**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FAITH GIRDLER, | ) |
| | ) |
|        Plaintiff | ) |
| | ) **Case No.:** |
|    v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| CONVERGENT OUTSOURCING, | ) **JURY TRIAL** |
| INC., | ) |
| | ) **(Unlawful Debt Collection Practices)** |
|       Defendant | ) |

## COMPLAINT

FAITH GIRDLER ("Plaintiff"), by and through her attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against CONVERGENT

OUTSOURCING, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),

which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Jamaica Plain, Massachusetts 02130.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 800 SW 39th Street, Renton, Washington 98057.

8.     Defendant is a "debt collector" as that term is defined by U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12.     The alleged debt Defendant was seeking to collect, a T-Mobile bill for personal cellular telephone service, arose out of transactions that were primarily for personal, family, or household purposes.

13.     Plaintiff disputes owing the alleged debt.

14.     Beginning in June 2015, and continuing through July 2015, Defendant contacted Plaintiff on her cellular telephone seeking and demanding payment of the alleged debt.

15.     Defendant called Plaintiff, on average, one (1) to two (2) times a day, causing her to receive approximately ten (10) calls a week.

16.     Finding the calls inconvenient and wasteful of her cellular minutes, Plaintiff demanded that Defendant stop calling because she disputed the debt and was not going to pay an amount that she did not owe.

17.     Plaintiff also requested that Defendant provide verification of the debt, specifically how they calculated the amount that they claimed was owed.

18.     Defendant, however, did not update its records to restrict telephone calls to Plaintiff's cellular telephone or provide her verification of the alleged debt.

19.     Rather, Defendant persisted calling Plaintiff on her cellular telephone

3

in its attempts to collect a debt that she disputed owing.

20.     Once Defendant was notified that Plaintiff disputed the debt, that she wanted verification of the debt, and that she did not want to be called on her cellular telephone, there was no purpose to making further calls or communicating by mail except to harass her and/or coerce her into paying.

21.     Lastly, in its attempts to collect the alleged debt, Defendant failed to send Plaintiff written correspondence within five (5) days of its initial communication with her advising her of her rights to dispute the debt and/or request verification of the debt, as well as her right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

22.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a.     A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff, calling as frequently as one (1) to two (2) times per day, and continuing to call Plaintiff after she told them to stop.

## COUNT II

23.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(2)(A).

a.   A debt collector violates § 1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c.   Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by falsely representing the amount debt.

5

## COUNT III

24.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a.   Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.   A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c.   Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it failed to update its records to stop calling Plaintiff after being told that that she disputed the debt and to stop calling her cellular telephone, as well as failing to provide her verification of the alleged debt and collecting an amount that was not permitted by the agreement creating the alleged debt.

## COUNT IV

6

25.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

a.    A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.    Defendant violated § 1692g(a) by failing to send written

PLAINTIFF'S COMPLAINT

1
2
3
4

notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

5
6

WHEREFORE, Plaintiff, FAITH GIRDLER, respectfully prays for a judgment as follows:

7
8

        a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

9
10
11

        b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

12
13
14
15

        c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

16

        d.    Any other relief deemed appropriate by this Honorable Court.

17

## **DEMAND FOR JURY TRIAL**

18
19
20

PLEASE TAKE NOTICE that Plaintiff, FAITH GIRDLER, demands a jury trial in this case.

21
22
23
24
25

8

RESPECTFULLY SUBMITTED,

Date: September 15, 2015                     By: */s/ Craig Thor Kimmel*
                                                  CRAIG THOR KIMMEL
                                                  Attorney ID No. 662924
                                                  Kimmel & Silverman, P.C.
                                                  30 E. Butler Pike
                                                  Ambler, PA 19002
                                                  Phone: (215) 540-8888
                                                  Fax: (877) 788-2864
                                                  Email: kimmel@creditlaw.com

9