**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FAITH GIRDLER, ) | |
| ) | |
|       Plaintiff ) | |
| ) | **Case No.: 1:15-cv-13359-DJC** |
|    v. ) | |
| ) | |
| CONVERGENT OUTSOURCING, INC., ) | |
| ) | |
|       Defendant ) | |

### PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Faith Girdler ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., files this Motion and Memorandum of Law in opposition to Defendant Convergent Outsourcing, Inc.'s ("Defendant"). In support thereof she states the following:

### I.  Factual Background and Procedural History

By way of background, beginning in June 2015 and continuing throughout July 2015, Defendant called Plaintiff on her telephone in its attempts to collect an alleged debt. See Ex. A. pp. 34. Defendant called Plaintiff on June 23, 2015 and June 25, 2015. See Docket No. 22-1. During the June 25, 2015 call, and while confirming Defendant's identity, Defendant announced that it was making "a courtesy call on behalf of your T-Mobile account." Id. Defendant did not identify itself as a debt collector and did not notify Plaintiff that the call was being made in an attempt to collect a debt. See Docket No. 22-1. As a debt collection company, Defendant is well aware of the initial disclosures that the Fair Debt Collection Practices Act ("FDCPA") requires and it knows that its actions during the June 25, 2016 call were in violation of the FDCPA.

As a result of Defendant's clear misrepresentations and unfair collection practices, on September 15, 2015, Plaintiff filed suit against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). See Docket No. 1. Plaintiff filed an amended complaint on June 28, 2016. See Docket No. 17. Despite clear evidence of Defendant's misrepresentations during the June 25, 2015 telephone call with Plaintiff, Defendant filed its Motion for Summary Judgment on June 30, 2016. See Docket Entry 19. In its Motion, Defendant falsely asserts that Plaintiff's claims were meritless and unfounded. See Docket No. 19, p. 1. In support of its position that it is entitled to summary judgment, Defendant makes several red herring arguments regarding Plaintiff's claims. See Docket Entry 9. For the reasons set forth herein, Defendant's Motion for Summary Judgment must be denied.

## II.     Background on the FDCPA

The FDCPA's main purposes are to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." See Jerman v. Carlisle, McNelli, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010). Because Congress perceived the problem of abusive debt collection practices to be widespread, it deliberately made the FDCPA "an extraordinarily broad statute." See Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992). Therefore, the FDCPA "must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation." See Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1021 (S.D. Ohio 2007) citing Frey, 970 F.2d at 1521.

The FDCPA is a strict liability statute. See Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

need not show intentional conduct by the debt collector to be entitled to damages." See Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); and Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. See Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006); see also Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006) (the remedial nature of the FDCPA requires that courts interpret it liberally); and Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002) ("Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer.").

Finally, the FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); and Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. See Clomon, supra. at 1318.

### III.   Standard for Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will only be granted: if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). "A fact is 'material' if proof of its existence or non-existence might affect the outcome of the suit under

3

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

applicable law." See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A factual dispute concerns a "material" fact only if its resolution might affect the outcome of the suit under the governing substantive law. Henderson v. Walled Lake Consol. Schools, 499 F.3d 479, at 487 (6th Cir. 2006). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. 242, at 248. In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk Western Railroad, Inc., 509 F.3d 265, 268 (6th Cir.2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. Id. at 268.

### IV. Statement of Material Facts

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff submits her Response and Counterstatement of Facts, filed concurrently with this Motion and Memorandum.

### V. Argument

It is clear from the evidence of record that Defendant's Motion for Summary Judgment is inappropriate. Plaintiff's evidence and Defendant's own records indicate it omitted required disclosures and made misleading statements during the June 25, 2015 telephone call. Furthermore, there remains a question of fact whether Defendant sent Plaintiff written correspondence conforming to § 1692g(a). As a reasonable jury could certainly find Defendant's conduct to be misleading, deceptive and unfair; Defendant's Motion for Summary Judgment must be denied.

4

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

**A. Plaintiff has standing to assert her FDCPA claim.**

Defendant argues that Plaintiff lacks standing to bring an FDCPA claim because she never disputed the validity of the debt. However, Defendant's analysis of this issue is flawed, incorrect, and misleading.

Defendant has mischaracterized the findings in <u>Lindbergh v. Transworld Systems, Inc.</u>, 846 F. Supp. 175 (incorrectly cited by Defendant), <u>Richmond v. Higgins</u>, 435 F.3d 825 (8th Circuit 2006), <u>Bleich v. Revenue Maximization, Inc.</u>, 233 F. Supp. 2d 496 (E.D.N.Y 2002), and <u>Bashore v. Resurgent Capital Services, LLP</u>, 2011 WL 1304461 (E.D. Tx. 2011). The Court granted Summary Judgment to the Defendants in <u>Lindbergh</u>, <u>Richmond</u>, and <u>Bleich</u> and Defendant's Motion to Dismiss in <u>Bashore</u> because the Plaintiff never disputed the amount of the debt Defendant was attempting collect. However, the Plaintiff in those cases had brought claims under §1692e(2)(A), which prohibits debt collectors from making a false representation of the character, amount, or legal status of any debt. Challenging the validity of the debt in a §1692e(2)(A) case is an integral component of the case; however, the same cannot be said about the case at hand. The misleading statements made by Defendant were related to their own identity and the reason for the call. Plaintiff is not disputing the validity of the debt as the plaintiffs were in the cases relied upon by Defendant; Plaintiff is claiming that Defendant's actions during the June 25, 2015 were misleading and violated § 1692e and § 1692e(11), not § 1692e(2)(A).

Furthermore, the United States District Court for the District of Connecticut has specifically considered all of the cases which Defendant cites in support of its standing argument and has rejected the incorrect interpretation suggested by Defendant. That court specifically opined that it would never:

5

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

> disqualify a plaintiff from bringing an FDCPA claim if he fails to dispute the debt in writing. Rather, the provision instructs a debt collector to cease collection of the debt if the consumer disputes the debt until the debt is verified, and *any* collection activities and communications not otherwise violating the FDCPA if that consumer disputes the debt in writing. It does not follow that because Mr. Hudson did not dispute the Babilonia loan in writing with Progressive, he waives his right to assert any claims under the FDCPA. Further, the cases cited by Progressive in support of this "standing" argument do not support it. In *Lindbergh v. Transworld Sys., Inc.*, 846 F.Supp. 175, 179 (D.Conn.1994), the court found that no evidence supported the plaintiff's FDCPA claim, stated that it could "only wonder why the plaintiff has chosen to impose the significant burden of litigation on both the defendant and this court, instead of simply following the cost-effective procedures provided by" the FDCPA, and noted, "the plaintiff's position ignores the importance of Section 1692g—which serves to obviate the need for litigation except where a debt collector has behaved knowingly, or at least recklessly, in violation of the statute." This discussion does not suggest that by failing to pursue the procedures in Section 1692g, a plaintiff loses his right to sue under the FDCPA. Instead, the *Lindbergh* court simply was pointing out that the FDCPA creates a formal route for consumers to seek speedy resolution of wrongful collection efforts without going to court. In *Richmond v. Higgins*, the Eighth Circuit stated that a debt collector is entitled to "assume that a debt is valid" if the consumer fails to properly dispute a debt under Section 1692g(b), but in no way suggested that a plaintiff waives his right to sue by not utilizing the procedures set forth in that provision. 435 F.3d 825, 828–29 (8th Cir.2006). Nor do the courts' discussions in *Bleich v. Revenue Maximization Group, Inc.*, 233 F.Supp.2d 496, 500–02 (E.D.N.Y.2002), or *Bashore v. Resurgent Capital Servs., L.P.*, No. 4:10–cv–585, 2011 WL 1304461 (E.D.Tex. March 15, 2011), support Progressive's argument. As a result, I reject Progressive's contention that Mr. Hudson cannot assert FDCPA claims because he failed to dispute the Babilonia loan with Progressive in writing.

Hudson v. Babilonia, No. 3:14-CV-01646 (MPS), 2016 WL 3264150, at *22 (D. Conn. June 14, 2016). The Hudson Court addressed each case that Defendant relies upon in its Motion and explained succinctly why Defendant's standing argument is flawed and must fail. Furthermore, Defendant's counsel in this instant case should be aware of the Hudson decision, as it was he who raised the same argument there. It is clear that Defendant's counsel is trying to restate and recycle a baseless argument that has previously been rejected by other courts. This argument should not be given any merit.

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'
CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

Lastly, Defendant's claim that Plaintiff does not have standing to bring her FDCPA claims only further illuminates the fact that Plaintiff was never made aware of her rights to challenge the validity of the debt. Defendant has not provided any proof that it complied with §1692g(a) (see subsection C for further analysis). Plaintiff was not aware that she could dispute her debt because she never received any written correspondence from Defendant, alerting her to her rights under the FDCPA. It would be absurd to claim that a consumer could lose standing to assert an FDCPA claim by not challenging a debt where the specifically claims that one of the violations of the FDCPA is failure to provide notice of rights under the FDCPA, including the right to challenge such debt.

Overall, it is clear that Defendant's argument is simply contrary to law.

**B. There remains a genuine issue of material fact as to whether Defendant violated 15 U.S.C. § 1692e and § 1692e(11), and accordingly summary judgment must be denied.**

Plaintiff spoke on the telephone with Defendant on June 25, 2015. During this conversation, Defendant told Plaintiff that it was making "a courtesy call" and failed to disclose that it was calling in its attempt to collect a debt. Accordingly, Defendant's acts and omissions were in violation of §1692e and §1692e(11) of the FDCPA.

Section 1692e prohibits debt collectors from using false, deceptive, or misleading means in connection with the collection of any debt, "though the list is not exhaustive." Lannan v. Levy & White, No. 14-CV-13866-IT, 2016 WL 2937455, at *7 (D. Mass. May 11, 2016). More specifically, §1692e(11) prohibits debt collectors from failing to disclose that the debt collector is attempting to collect a debt. Courts within the First Circuit have opined on the importance of "protect[ing] consumers from abusive and misleading debt collection practices." O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 32 (D. Mass. 2014).

7

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

Section 1692e of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as Congress realized it would be impossible to foresee every type of deceptive collection misbehavior. See Williams v. Javitch, Block & Rathbone, LLP, 480 F.Supp.2d 1016 (S.D. Ohio 2007).

Courts within the First Circuit have found that debt collectors violate §1692e(11) if they fail to disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." (see Shapiro v. Haenn, 222 F. Supp. 2d 29, 41 (D. Me. 2002). Furthermore, the Court in Frazier wrote "section 1692e prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of a debt,' including the failure to disclose in initial and subsequent oral communications that "the communication is from a debt collector.'" 15 U.S.C. § 1692e(11); *Edwards,* 586 F.Supp.2d at 1353 & n. 1. Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1364-65 (N.D. Ga. 2011).

Frazier is comparable to Plaintiff's case as Deborah Frazier received a voicemail message that said, in part, "this is an important courtesy call" and the company that left the voicemail did not disclose the fact it was a debt collector. Both of these facts are present in Plaintiff's case as well. The Court in Frazier found in favor of Plaintiff, that Defendant violated §1692e(11), and awarded Plaintiff the statutory maximum damages of $1,000.

Defendant called Plaintiff on June 25, 2015 and the two parties engaged in a discussion. Defendant never identified itself as a debt collector; Defendant never informed Plaintiff that it was calling to collect an alleged debt; Defendant described the call as a "courtesy call." See

8

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

Docket No. 22-2. Defendant violated the FDCPA during its June 25, 2015 call with Plaintiff. <u>See</u> Docket No. 22-2. There remains a factual dispute between the two parties; therefore, Defendant's Motion for Summary Judgment as to § 1692e and § 1692e(11) must be denied.

**C. There remains a genuine issue of material fact as to whether Defendant violated 15 U.S.C. § 1692g(a), and accordingly summary judgment must be denied.**

In its Motion for Summary Judgment, Defendant argues that it is entitled to Summary Judgment on Plaintiff's Count II, or her §1692g(a) claim. However, similar to the rest of Defendant's Motion, Defendant's arguments are not supported by the facts and its position is weak.

Defendant claims, through the affidavit of an employee who lacks firsthand knowledge, that they sent a letter to Plaintiff in compliance with FDCPA §1692g(a). However, Plaintiff never received the letter dated June 26, 2015. <u>See</u> Ex. A pp. 25-29, 34. Furthermore, Plaintiff testified during her May 16, 2016 deposition that she has never received any piece of mail at her condominium that included "Boston" in the address. <u>See</u> Ex. A 7-8. In examining the June 26, 2015 letter, it is apparent that the letter is addressed to "Faith Girdler, 73 Wenham St, Boston, MA 02130-4152." <u>See</u> Docket No. 22-2. Ms. Girdler lives in Jamaica Plain, Massachusetts, not Boston. <u>See</u> Ex. A 7-8, 25-26, 29, 47.

Defendant's Motion states that "it is undisputed that the letter was posted to that correct address with the correct zip code." <u>See</u> Docket No. 20. This is Defendant's attempt to mislead the Court, as it tries throughout the entire motion; the June 25 contains the correct <u>street</u> address and the correct zip code, but it lists an incorrect city. Plaintiff is well aware of the overwhelming case law regarding the assumptions made in favor of defendants if a defendant can prove they documented a letter was sent in compliance with §1692g(a). This Defendant cannot prove that.

Furthermore, in discussing Anderson v. United States, 966 F. 2d 487 (9th Cir. 1992) and its "Mailbox Rule" decision, the Court in Johnson wrote:

> federal courts have recognized that sending a validation notice to an *inaccurate* mailing address does not serve to inform debtors of their rights or meet the requirements set forth under 15 U.S.C. § 1692g(a). *See, e.g., Kim v. Gordon,* No. 10–1086, 2011 W L 3299813 (D.Or. Aug.2, 2011) ("Defendants cite no authority, and I am aware of none, standing for the proposition that sending a validation notice labeled with an incomplete mailing address serves to inform debtors of their rights or meets the requirements set forth under 15 U.S.C. § 1692g(a)."); *see also Johnson v. Midland Credit Mgmt. Inc.,* No. 05–1094, 2006 WL 2473004, * 12 (N.D.Ohio Aug.24, 2006) ("If debt collectors could satisfy the FDCPA by merely sending validation notices to any address, valid or invalid, it would not serve to inform debtors of their rights, and would constitute an abusive debt collection practice.") (internal quotation marks and citation omitted).

Johnson v. CFS II, Inc., No. 12-CV-01091-LHK, 2013 WL 1809081, at *8 (N.D. Cal. Apr. 28, 2013). Anderson was relied upon by Defendant in its Motion.

Defendant may have sent a letter on June 25, 2015 but it listed the incorrect city on the address. The letter was never delivered to Plaintiff. As noted in the case cited above, the standard set forth for a Defendant to prove it complied with §1692g(a) requires documentary evidence produced by the Defendant that shows they did not list an inaccurate mailing address when sending correspondence to a consumer. Particularly when examining the facts in the light most favorable to the nonmoving party, it is clear that Defendant did not comply with the FDCPA §1692g(a).

### VI.   **CONCLUSION**

For all the reasons set forth above, the Defendant's Motion for Summary Judgment should be denied.

10

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT' CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: July 21, 2016 | By: /s/ Craig Thor Kimmel |
|   | Craig Thor Kimmel, Esquire |
|   | Attorney ID # 2790038 |
|   | Attorney for Plaintiff |
|   | Kimmel & Silverman, P.C. |
|   | 30 East Butler Pike |
|   | Ambler, PA 19002 |
|   | Phone: (215) 540-8888 |
|   | Facsimile: (877) 788-2864 |
|   | Email: kimmel@creditlaw.com |

11

PLAINTIFF FAITH GIRDLER'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'
CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT`

**CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of PLAINTIFF FAITH GIRDLER'S RESPONSE  AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION FOR SUMMARY JUDGMENT in the above-captioned matter this 21st day of July 2016 via ECF:

John J. O'Connor, Esq.
Peabody & Arnold
600 Atlantic Avenue
Boston, MA 02210
joconnor@peabodyarnold.com
Attorney for Defendant

Respectfully submitted,

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esquire
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com