**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| **FAITH GIRDLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 15-cv-13359-DJC** |
| | ) | |
| **CONVERGENT OUTSOURCING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

<u>**MEMORANDUM AND ORDER**</u>

**CASPER, J.**                                           **December 29, 2016**

## I.      Introduction

Plaintiff Faith Girdler ("Girdler") asserts claims against Defendant Convergent Outsourcing, Inc. ("Convergent") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  D. 17.  Girdler alleges that Convergent used false, deceptive or misleading representations or means by failing to identify itself as a debt collector attempting to collect her debt in violation of § 1692e & (11) (Count I) and failed to provide her the required written notice of her debt in violation of § 1692g(a) (Count II).  Id. at 5-7.  Convergent has moved for summary judgment on all counts, D. 19, and Girdler has opposed, D. 24.  Convergent has also filed supplemental authority regarding Article III standing.  D. 27, 31, 33, 34.  For the reasons stated below, the motion for summary judgment is DENIED in part and ALLOWED in part.

## II.      Standard of Review

Summary judgment must be granted where there is no genuine dispute of any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000) (citations omitted); see Celotex v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Murray v. Warren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016) (citation omitted), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor," Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010) (citations omitted). The Court views the record in the light most favorable to the non-movant and draws reasonable inferences in their favor. Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citation omitted).

## III.    Discussion

### A.    Standing as to Count I

Girdler's claims are based upon phone calls made by Convergent to Girdler and a written notice that Girdler asserts she did not receive. D. 17 at 3-4; D. 22-1, 22-2. Convergent argues that Girdler lacks standing where she failed to follow the dispute procedures prescribed by the FDCPA. D. 20 at 4. Convergent also argues that Girdler lacks standing in light of recent Supreme Court precedent because she has not suffered an injury in fact. D. 27 at 2.

While Convergent does not point to the section of the FDCPA that contains the applicable dispute procedures, the cases it relies upon, D. 20 at 4, discuss § 1692g. Among other things, § 1692g requires a debt collector, within five days after the initial communication—unless done so in that communication—to notify the consumer in writing that unless they dispute the validity of their debt thirty days after receipt of the notice "the debt will be assumed to be valid by the debt collector." See § 1692g(a). Failure to dispute the debt is not an admission of liability. § 1692g(c).

2

In applying § 1692g, however, courts have dismissed FDCPA suits based upon an allegation that "the debt sought to be collected is not valid" and where the consumer failed to follow the debt validation dispute procedure prior to filing suit.  See, e.g., Bleich v. Revenue Maximization Grp., Inc., 233 F. Supp. 2d 496, 500-01 (E.D.N.Y. 2002) and cases cited.  Although failure to dispute a debt permits a debt collector to assume that the debt is valid, such failure does not necessarily bar a plaintiff from bringing suit under the FDCPA.  See Hudson v. Babilonia, No. 14-cv-01646-MPS, 2016 WL 3264150, at *22 (D. Conn. June 14, 2016) (concluding that failure to contest a debt pursuant to § 1692g(b) does not bar a debtor from bringing FDCPA claims and denying summary judgment in debt collector's favor).  Here, Girdler is not asserting claims regarding the debt itself, but rather the practices Convergent used in attempting to collect the debt.  See § 1692e. Accordingly, Girdler's failure to dispute the debt does not otherwise bar her claims.  See Hudson, 2016 WL 3264150, at *22.

Convergent also argues that Girdler lacks standing based upon the Supreme Court's recent decision in Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540 (2016) because she has not suffered a concrete harm to establish injury in fact, D. 27 at 2-4—"the [f]irst and foremost of standing's three elements," Spokeo, 136 S. Ct. at 1547 (alteration in original) (internal quotation marks and citation omitted).  Because the Court dismisses Count II on other grounds, as discussed below, it will only address injury in fact as to Count I for violations of § 1692e.

"To establish injury in fact, a plaintiff must show that she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Id. at 1548 (citation omitted).  In Spokeo, an online people search engine posted allegedly false information regarding an individual in violation of certain provisions of the Fair Credit Reporting Act "concerning the creation and use of consumer reports."  See id. at 1544-45.

The Ninth Circuit reversed the district court's dismissal for lack of standing and the Supreme Court vacated and remanded for further development where the Ninth Circuit addressed the "particularization" but not the "concreteness" requirement to determine injury in fact.  See id. at 1544, 1550.  As discussed in Spokeo, "[t]o be 'concrete,' an injury 'must actually exist,' that is, it must be 'real, and not abstract.'"  Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016) (internal quotation mark omitted) (quoting Spokeo, 136 S. Ct. at 1548).  The Second Circuit, in concluding that plaintiff had standing to bring certain claims for violations of the Truth in Lending Act for failure to disclose particular consumer rights, summarized the holding in Spokeo:  "we understand Spokeo, and the cases cited therein, to instruct that an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest."  See id. at 190 (quoting Spokeo, 136 S. Ct. at 1549).  "But even where Congress has accorded procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest."  Id. (citing Spokeo, 136 S. Ct. at 1549).

Based upon the record before the Court, Girdler has met her burden as to Count I "to proffer evidence sufficient to manifest" a concrete and particularized injury.  See id. at 192 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).  According to the FDCPA, a debt collector must disclose in the initial communication with the consumer that it is a debt collector "attempting to collect a debt and that any information obtained will be used for that purpose."  See Kagan v. Selene Fin. L.P., No. 15-cv-5936-KMK, 2016 WL 5660255, at *7 & n.7 (S.D.N.Y. Sept. 28, 2016) (quoting § 1692e(11)).  Debt collectors must also disclose in all subsequent communications with the consumer that the communication is from a debt collector.  See id.  This disclosure requirement

is contingent upon the debt collector affirmatively identifying the debtor as the one being contacted.  See §§ 1692b(2), 1692c(b).  Here, a reasonable jury could find that, based upon the uncontested transcripts of the applicable telephone calls, D. 22-1 at 2-3, Convergent used "false, deceptive, or misleading representation[s] or means" in failing to disclose to Girdler that it was a debt collector attempting to collect a debt and that the information obtained would be used for that purpose, see § 1692e.  A jury could find that Convergent first communicated with Girdler by phone on June 23, 2015 and confirmed that they had indeed contacted Girdler, but did not disclose that it was a debt collector attempting to collect a debt or for what purpose any information obtained during the call would be used.  See D. 22-1 at 2.  Likewise, a jury could find that during Convergent's June 25, 2015 phone call, it failed to disclose that it was a debt collector and used improper representations or means in describing the call as a "courtesy call" prior to attempting to confirm Girdler's address.  See id. at 3.

Convergent's purported conduct thus presents a risk of harm to Girdler's concrete interest established by the FDCPA to be free of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  § 1692e.  That is, such a violation harms Girdler's interest to be informed of the identity of the debt collector and the purpose of the call so as to allow her to make fair decisions regarding how to respond.  See Horowitz v. GC Servs. Ltd. P'ship, No. 14-cv-2512-MMA-RBB, 2016 WL 7188238, at *7 (S.D. Cal. Dec. 12, 2016) (citations omitted).  As reasoned by the Eleventh Circuit, "through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures." Church v. Accretive Health, Inc., 654 F. App'x 990, 994 (11th Cir. 2016) (per curium).

In <u>Church</u>, the Eleventh Circuit, in affirming the district court's ruling on summary judgment, concluded that where a debt collector's written communication failed to include the disclosures required by §§ 1692e(11) and 1692g(a), Church established standing as she had suffered "a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures." <u>Id.</u> The Eleventh Circuit explained that:

> The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.

<u>Id.</u> (citing <u>Spokeo</u>, 136 S. Ct. at 1549 and <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 373-74 (1982) (concluding that plaintiff who lost no actual housing opportunity had standing to bring Fair Housing Act claims where she alleged that the defendant violated her legal right to truthful housing information)); <u>see</u> <u>Linehan v. Allianceone Receivables Mgmt., Inc.</u>, No. 15-cv-1012-JCC, 2016 WL 4765839, at *8 (W.D. Wash. Sept. 13, 2016) (discussing how where "[t]he goal of the FDCPA is to protect consumers from certain harmful practices; it logically follows that those practices would themselves constitute a concrete injury" (citations omitted)).

This Court's conclusion that Girdler has established standing as to Count I is consistent with that of other courts which have addressed standing as to a § 1692e claim. <u>See, e.g.</u>, <u>Horowitz</u>, 2016 WL 7188238, at *7 (concluding at summary judgment that plaintiff had established standing for violation of § 1692e(11)); <u>Linehan</u>, 2016 WL 4765839, at *7-8 (denying motion to dismiss § 1692e(11) for lack of standing and collecting cases); <u>Quinn v. Specialized Loan Servicing, LLC</u>, No. 16-cv-2021, 2016 WL 4264967, at *4-5 (N.D. Ill. August 11, 2016) (same as to § 1692e(10) & (11)).

### B.    Merits of Count I

As to the merits of Count I, based upon the undisputed phone call transcripts discussed above, D. 22-1 at 2-3, there is a triable question of fact as to whether Convergent identified Girdler as the debtor, triggering its § 1692e(11) disclosure obligations, and acted improperly within the meaning of § 1692e during the calls, D. 24 at 7-9.   Likewise, because there is a question as to Convergent's identification of Girdler, there is a triable issue as to whether it was permissible for Convergent to identify itself as a debt collector or risk violation of § 1692c(b).  D. 20 at 4-5; see Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1354 (11th Cir. 2009) (addressing the "bona fide error" defense provided for in § 1692k(c) in regards to §§ 1692e and 1692c).   As such, Convergent's motion is denied as to this Count.

The Court notes that if such violations are found, Girdler would be entitled to the sum of any actual damages she sustained as well as statutory damages, as the Court may allow, not to exceed $1,000.  See § 1692k(a)(1), (a)(2)(A); Goodmann v. People's Bank, 209 F. App'x 111, 114 (3d Cir. 2006) (citations omitted) (limiting statutory damages under the FDCPA to $1,000 per successful court action and not per violation); Sweetland v. Stevens & James, Inc., 563 F. Supp. 2d 300, 303 (D. Me. 2008) (discussing categories of actual damages).   Additionally, if successful, Girdler would be entitled to reasonable attorneys' fees and costs, as determined by the Court, pursuant to § 1692k(a)(3).

### C.    Merits of Count II

As to Count II, Girdler alleges that Convergent failed to disclose in writing the information required by § 1692g(a).  D. 17 ¶ 20.  Pursuant to § 1692g(a), "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice" containing information regarding the debt and the

consumer's rights.  While Girdler asserts that she never received the letter at issue and contests that Convergent ever mailed it, D. 23 ¶¶ 4-6; D. 25 ¶¶ 4-6, she does not dispute that Convergent's "normal business procedures" would result in "caus[ing] its letter to be sent," D. 23 ¶ 4; D. 25 ¶ 4 (alteration in original).  Notably, Girdler does not contest that Convergent's account records indicate that the letter was properly mailed on June 26, 2015 and do not indicate that the letter was returned.  D. 23 ¶ 6; D. 25 ¶ 6.  Where, as here, a debt collector presents records showing that it is its ordinary business practice to automatically send letters to debtors and presents electronic records indicating that the letter was properly sent, there is a presumption that the consumer received the letter.  See, e.g., Mahon v. Credit Bureau of Placer Cnty. Inc., 171 F.3d 1197, 1201-02 (9th Cir. 1999); United States Fire Ins. Co. v. Producciones Padosa, Inc., 835 F.2d 950, 952 n.2 (1st Cir. 1987) (citations omitted).

Girdler does not present any evidence to rebut such a presumption.  Rather, Girdler contends that any presumption that Convergent complied with § 1692g(a) is inapplicable because Convergent used the wrong mailing address.  D. 24 at 9-10.  Girdler admits that the letter at issue addressed to her had the correct street address and zip code, but asserts that it erroneously lists the city as Boston as opposed to Jamaica Plain.  Id.; D. 23 ¶ 5; D. 25 ¶ 5.  Girdler admits, D. 23 ¶ 5; D. 25 ¶ 5, and the Court takes judicial notice, see United States v. Bello, 194 F.3d 18, 23 (1st Cir.1999) (discussing Fed. R. Evid. 201(b)(2)), that Jamaica Plain is one of the neighborhoods of Boston.  Regardless of whether Girdler's mail normally lists Jamaica Plain as the city, D. 24 at 9-10, the correct name, street address and zip code is listed on the letter.  There is thus no triable issue of material fact rebutting the presumption that the letter sent by Convergent was received by Girdler.  Accordingly, Convergent is entitled to summary judgment on Count II.

**IV.**      **Conclusion**

For the aforementioned reasons, Convergent's motion for summary judgment, D. 19, is DENIED in part and ALLOWED in part.   Convergent's motion is DENIED as to Count I and ALLOWED as to Count II.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge